BENJAMIN E. GODFREY and WILLIAM Y. COLLADAY, trading as GODFREY & COLLADAY *vs.* CHARLES W. BROOKS.

If a husband allow his wife to conduct business as a trader, he is liable on her contracts.

Though book charges be made against her, they may, with other proof, be admitted to charge the husband.

ACTION of assumpsit, for goods sold and delivered. Usual pleas.

*Mr. Bates.*—This action is for the price of goods sold to E. J. Brooks, the defendant's wife, who kept a store in Wilmington.

He offered the plaintiff's book of original entries, with the oath of the party, in which the charges were against E. J. Brooks and not against Charles W. Brooks. The evidence was objected to on this account, and *Revised Code,* 184, 382, was referred to; but the Court admitted the evidence, which might be followed up by further proof connecting the defendant with the party charged, so as to charge him.

*Mr. Gordon* now made the point that as the credit was given to Eliza J. Brooks, by the plaintiff's own charge in his books, he could not now seek to charge another person by any other evidence whatever.

*Mr. Bates.*—The book entry does not determine absolutely the question to whom credit was given. Though one person be charged, there may be circumstances that will make another liable. The liability is not on the book of original entries, it is upon the

sale of the goods of which the book entry is only one mode of evidence.

It was then proved that Eliza J. Brooks kept a retail dry goods store in Wilmington, before and after her marriage with Charles W. Brooks, and that they cohabited together and were reputed to be man and wife.

Samuel J. Hood, a clerk of Godfrey & Co., proved that he called on defendant for payment for these goods sold by them to his wife, Eliza J. Brooks. He said to me that he had received the accounts sent him by the plaintiffs, but was unable to pay them because of losses sustained by a robbery of the Baltimore and Wilmington Railroad Company. This was in 1851. He said he would call on Godfrey & Co., in Philadelphia, and settle with them with secured notes or otherwise. I proposed then to take secured notes. He then objected, stating that his friend had gone his security on former occasions, but as he had been unable to meet the notes, he could not now ask him again. I understood that these former notes were for debts incurred in this business of Mrs. Brooks. He said to me, at another time, on the same day, that it was a just debt and he intended to settle it with Godfrey & Co., when he was able. This was the same year in which the goods were got.

Cross examined by Mr. Gordon.—Eliza J. Brooks dealt with Godfrey & Co. before her marriage, but not up to the time of the marriage, nor for a long time before. These charges were for goods sold to Mrs. Brooks after her marriage. The plaintiffs were aware of her marriage, at the time of crediting her.

*Mr. Bates,* for the plaintiff.—The husband is liable on the ground of implied authority from their cohabiting together. He could have restrained the wife from carrying on the business. If he did not restrain her, it is to be presumed that he authorized her to carry on the business. The business was conducted for the husband's use. All the personal property of the wife becomes the husband's. A principal may become liable by adopting the acts of the agent, and an implied authority may be inferred. Husband is liable though the invoices be in the wife's name, and the credit given to her. Goods furnished a married woman in a confectionary business, carried on in the house where she and her husband cohabited, the husband is liable. (*Chitty Cont.,* 167; 12 *Com. Law Rep.,* 17; 3 *Whart.,* 307, 378, *McKinley* vs. *McGregor.*)

*Mr. Gordon* resisted the claim on these grounds :—1. The plaintiffs credited E. J. Brooks and not her husband. 2. She is not proved to be the wife of the defendant. 3. She is not proved to have been his agent. 4. If she did act as his agent, yet the plaintiffs, knowing the principal, made their selection and gave credit to the agent, and cannot now charge the principal.

*Mr. Bates* replied, and the jury, under the charge of the court, rendered a verdict for the plaintiffs, for the amount of this claim, $239 74.

*Bates*, for plaintiffs.

*Gordon*, for defendant.